Albert JOHNSON, Plaintiff

v.

**SPENCER PRESS OF MAINE, INC. and Spencer Press, Inc., Defendants**

No. CIV. 02–73–PH.

United States District Court, D. Maine.

March 7, 2003.

Eric Uhl, Esq., Moon, Moss, McGill, Hayes & Shapiro, P.A., Portland, ME, for Plaintiff.

U. Charles Remmel, II, Esq., Graydon Stevens, Esq., Kelly, Remmel & Zimmerman, Portland, ME, for Defendants.

## AMENDED ORDER AFFIRMING IN PART AND REJECTING IN PAR THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE [1]

HORNBY, District Judge.

The United States Magistrate Judge filed with the court on January 24, 2003, with copies to counsel, his Recommended Decision on Defendants' Motions for Summary Judgment. The defendants filed their objection to the Recommended Decision on February 7, 2003, and the plaintiff filed his objection on February 10, 2003. I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I AFFIRM IN PART, REJECT IN PART and MODIFY IN PART the recommendations of the United States Magistrate Judge as follows.

1. I AFFIRM the Magistrate Judge's recommendation granting summary judgment to Spencer Press, Inc. on all Counts of the Complaint against it.

2. I AFFIRM the Magistrate Judge's recommendation granting summary judgment to Spencer Press of Maine, Inc. ("SPM") on Count II of the Complaint.

3. I AFFIRM the Magistrate Judge's recommendation denying SPM's motion for summary judgment on punitive damages.

4. I REJECT the Magistrate Judge's recommendation granting summary judgment to SPM for the retaliation claim based upon disability discrimination. After determining that Johnson was not le-

gally disabled under the Americans with Disabilities Act ("ADA"), the Magistrate Judge rejected without further explanation "that portion of Count III [the retaliation claim] related to disability." Recomm. Dec. at 20 & 28 n. 47 (Docket No. 60).

■ A retaliation claim under the ADA does not automatically fail with the underlying disability claim. A plaintiff "may assert such a [retaliation] claim even if the underlying claim of disability fails." *Soileau v. Guilford of Maine, Inc.*, 105 F.3d 12, 16 (1st Cir.1997), citing *Mesnick v. General Elec. Co.*, 950 F.2d 816, 827 (1st Cir.1991). "It is enough that the plaintiff had a reasonable, good-faith belief that a violation occurred; that he acted on it; that the employer knew of the plaintiff's conduct; and that the employer lashed out in consequence of it." *Mesnick*, 950 F.2d at 827 (discussing an ADEA case); *see also Selenke v. Med. Imaging of Colo.*, 248 F.3d 1249, 1264 (10th Cir.2001) ("[T]o prosecute an ADA retaliation claim [for requesting reasonable accommodations], a plaintiff need not show that she suffers from an actual disability.... [A] reasonable, good faith belief that the statute has been violated suffices.").

Nothing in the case law suggests that Johnson needed to understand the full parameters of the ADA definition of disability. He only needed to hold the reasonable belief that he was disabled when he filed his disability discrimination complaint. In this case, there is sufficient evidence in the summary judgment record from which a factfinder could conclude that Johnson's belief that he was disabled was reasonable, and that he acted in good faith in filing the underlying claim of disability.

■ 4. I MODIFY the Magistrate Judge's ruling on the ongoing lost pay and

---

1. The amendment is the insertion of a new paragraph numbered 3 on page 2 that was inadvertently omitted from the original Order dated March 7, 2003.

benefits claim. I agree that there is a genuine issue of material fact that precludes summary judgment on whether the Hannaford wages and benefits equaled the lost wages and benefits from SPM. Therefore, SPM is entitled to only an offset of whatever their value is. But I conclude that Johnson's later loss of his Hannaford position does not eliminate that offset. Hannaford terminated Johnson for purloining and eating food products on the job without payment contrary to company rules. Pl.'s Opp'n SMF/Pay ¶ 11 (Docket No. 30); Defs.' SMF/Pay ¶ 11 (Docket No. 19). Under the caselaw, that demonstrates failure to exercise reasonable diligence in mitigating damages. *Shick v. Ill. Dep't of Human Servs.*, 307 F.3d 605, 614–15 (7th Cir.2002); *Brady v. Thurston Motor Lines, Inc.*, 753 F.2d 1269, 1278 (4th Cir.1985). Johnson seems to argue that it was SPM's treatment of him that caused him to misbehave at Hannaford. Passing the question whether that is a legally acceptable argument (his conduct was arguably criminal theft), I find that Johnson does not have evidence on the summary judgment record to reach a factfinder on the issue. His own testimony is insufficient, because it is a matter for expert testimony whether SPM's conduct somehow overbore Johnson's free will in causing him to violate Hannaford's company policies in taking the food, so that SPM, rather than Johnson, should be held responsible for his termination at Hannaford. Johnson's only expert testimony on this issue is that of a licensed clinical social worker, Rosemary Ananis. According to her declaration filed in opposition to the defendants' motion for summary judgment, she concluded "that the events at Spencer Press relating to the harassment [Johnson] stated he received from his supervisor exacerbated his depression and panic and anxiety disorders.... Mr. Johnson's mental condition and anxiety was a direct caus-

al factor which led to the termination of his employment at Hannaford." Pl.'s Opp'n SMF/Count III, Ananis Decl. ¶¶ 2–3 (Docket No. 34). In her deposition, Ananis stated that the stress under which Johnson was suffering "might have" or "could have" contributed to his loss of employment at Hannaford. Defs.' Reply SMF/Pay, Ex. 13 (Docket No. 45). According to the plaintiff's expert witness disclosure under Rule 26(a)(2) of the Federal Rules of Civil Procedure, Ananis was expected to testify that she "diagnosed Plaintiff with ... a continuing severe anxiety, panic, depression disorder" that "contributed to his loss of employment" at Hannaford. Defs.' Reply SMF/Pay, Ex. 8 at 2; Ex. 9 at 2. None of this is specific enough to permit a factfinder to conclude that SPM's conduct played a role in Johnson's misbehavior at Hannaford, as opposed to the other factors causing distress in Johnson's life such as family deaths, divorce and problems with his sons. Pl.'s Opp'n SMF/Count III, Ananis Decl. ¶ 2. On the summary judgment record, Johnson's termination at Hannaford is attributable to Johnson, and is a failure to mitigate damages. Therefore, the value of the Hannaford wages and benefits, whatever it is, can be treated as an ongoing offset to Johnson's loss resulting from leaving SPM.

So Ordered.